# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE L. VALES, JR.,

      Plaintiff,

v.

SGT. MANTHEI, C.O. BARZYK, and
C.O. NICKLAUS,

      Defendants.

Case No. 19-CV-1219-JPS

**ORDER**

  Plaintiff Willie L. Vales, Jr., proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $6.22. 28 U.S.C. § 1915(b).

  The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Defendants are security officers at Waupun Correctional Institution, where Plaintiff is incarcerated. (Docket #1 at 3). Plaintiff alleges that he fought with another inmate on March 30, 2019, and that Defendants were present at the nearby officers' station. *Id.* at 4–5. They responded to the fight, but Plaintiff does not say when; he suggests that they should have intervened sooner. *Id.* When the combatants were told to stop fighting, Plaintiff threw up his hands and walked away. *Id.* Defendant C.O. Barzyk ("Barzyk") nevertheless sprayed Plaintiff in the face with pepper spray. *Id.* To add insult to injury, Plaintiff was also struck again by the other inmate after being sprayed. *Id.*

Plaintiff may proceed against Barzyk on a claim of excessive force. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or

restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). While it appears that Barzyk's intervention was meant to restore order, taking Plaintiff's allegations as true, Plaintiff had already given up the fight, and so pepper spray was unnecessary.

Plaintiff may also proceed against all of the Defendants on a claim that they failed to timely intervene in the fight. Again, their conduct comes under the purview of the Eighth Amendment. An officer may be liable for failing to intervene in an inmate altercation if they were deliberately indifferent to the inmate's health or safety. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). This requires that the inmate be in objectively serious danger, that the officer knew about the danger, and that the officer nevertheless consciously disregarded the danger. *Id.* Here, construing Plaintiff's allegations generously, Defendants may have been able to intervene in the fight sooner than they did. Plaintiff alleges that he suffered a "major physical injury" from the fight but does not describe it in detail. *See* (Docket #1 at 6). Among other things, Plaintiff will need to prove that this injury stemmed from Defendants' failure to timely break up the fight.

The Court further notes that Plaintiff may not proceed against any of the Defendants in their official capacities, as all of his claims relate solely to their individual conduct. *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). Additionally, Plaintiff cites Defendants' apparent failure to abide by prison policies as a basis for liability. *See* (Docket #1 at 5–6). Even if these

allegations were true, they do not create constitutional liability; a violation of prison policies is not the same as a violation of the Eighth Amendment. *Lennon v. City of Carmel, Ind.*, 865 F.3d 503, 509 (7th Cir. 2017). Finally, the Court will dismiss Plaintiff's claim for "injunctive" relief, as it seeks only money damages. *See* (Docket #1 at 7). Those amounts are already encompassed by Plaintiff's request for compensatory damages.

Therefore, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** The use of excessive force against Plaintiff, in violation of the Eighth Amendment, by Barzyk on March 30, 2019; and

**Claim Two:** Failing to intervene in the altercation between Plaintiff and the other inmate, in violation of the Eighth Amendment, by all Defendants on March 30, 2019.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the

filing fee, $343.78, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of

address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge