UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE L. VALES, JR.,

                Plaintiff,

v.                                                 Case No. 19-cv-1219

CHRISTOPHER MANTHEI, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Willie L. Vales, Jr., is representing himself in this §1983 case. On September 12, 2019, District Judge J.P. Stadtmueller (to whom the case was assigned at that time) allowed Vales to proceed on claims arising under the Eighth Amendment. (ECF No. 8.) On May 29, 2020, Vales filed a motion to appoint counsel, a motion to compel and for sanctions, and a motion for abeyance. (ECF Nos. 29, 30, 33.) On June 22, 2020, defendants responded to Vales' motion to compel and for sanctions. (ECF No. 42.) A week later, on June 29, 2020, defendants filed a motion for summary judgment. (ECF No. 45.) Vales then filed a motion for an extension of time and a motion to supplement the record. (ECF Nos. 53, 54).

The case was reassigned from Judge Stadtmueller on September 23, 2020. This decision resolves Vales' motions. The Court will resolve defendants' motion for summary judgment in a separate decision.

**A. Motion to Appoint Counsel (ECF No. 29)**

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

1

In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). Vales has satisfied this prong of the standard. He says he contacted three lawyers before filing his motion; none agreed to represent him. (ECF No. 32 at 2; 5-6.)

Vales does not, however, satisfy the second prong of the standard. The issues in this case are straightforward: Vales alleges that defendants delayed breaking up a fight between him and another inmate and that defendant Keith Barzyk used excessive force when he sprayed him with an incapacitating agent despite Vales complying with his orders to stop fighting. The case will largely turn on Vales' recollection of what happened and on documents memorializing the incident. Vales' filings have been well organized, easy to understand, and well-reasoned. The court has seen nothing to suggest that Vales lacks the capacity to litigate the case himself through summary judgment.

Vales explains that he is no longer incarcerated, so he lacks access to a personal computer and legal resources. The court accepts handwritten submissions, and Vales may visit local law libraries, including the one at the courthouse, and/or access online legal resources at his local library. Further, summary judgment rises or falls on whether or not there is a dispute of fact. Vales knows the facts concerning his case. The court is familiar with the law and does not require Vales to explain the legal basis of his claims so much as to indicate which facts asserted by the defendants are in dispute.

Vales also states that he cannot view the security video that defendants produced in discovery because he does not own the necessary equipment. Vales could have tried to access a DVD player at a local library, at the clerk's office, or at a friend's house. Vales does not detail any efforts he made to access a DVD player. The fact he does not own a DVD player is not a sufficient reason for the court to recruit a lawyer to represent him. In any event, Vales was present throughout the incident, so he has firsthand knowledge of what occurred.

Vales also highlights that there are non-defendants that he would like to depose, but he lacks the resources and skill to do so. (ECF No. 32 at 2-3.) Vales references the security

2

director, officers involved in his disciplinary hearing, and the defendants' supervisor. None of the individuals Vales identifies were present during the incident at issue. Thus, it is unclear to the court what information they have that Vales himself lacks. To the extent these individuals prepared reports about the incident based on their investigation, Vales should have been able to obtain copies of those reports through discovery. Vales offers no explanation to support a conclusion that he is prejudiced by his inability to depose these individuals.

Vales also takes issue with defendants' proposed compromise with regard to certain documents he requested. (ECF No. 32 at 3-4.) In response to Vales' requests for policies and procedures regarding the use of incapacitating agents, defendants objected to producing the documents because they are confidential and their distribution could compromise security at the institution. Although defendants objected to producing the documents, counsel for defendants offered to let Vales inspect the documents at the Wisconsin Department of Justice. Vales asserts that he does not know what documents are relevant to his claims. He says he needs possession of the documents so he can send copies to the jailhouse lawyers who are still assisting him even though he has been released.

As Judge Stadtmueller informed Vales when he screened the complaint, "a violation of a prison policy is not the same as a violation of the Eighth Amendment." (ECF No. 8 at 4 (citing *Lennon v. City of Carmel, Ind.*, 865 F3d 503, 509 (7th Cir. 2017).) It is not clear to the court why Vales wants to see these policies and procedures. Even if he is able to demonstrate that the defendants violated the policies, their violation will not be sufficient to prove that they violated the Eighth Amendment. In any event, defense counsel made the documents available to Vales. He chose not to view them. His refusal to view the documents does not support a conclusion that he is unable to litigate this case on his own.

In sum, Vales' claims are straightforward and his filings to date are relatively sophisticated—far better than most of the prisoner filings the Court sees. Vales' reasoning is clear, he cites to caselaw appropriately to support his arguments, and he appears to have a good recollection of what happened. As such, the court believes he is able to represent himself through the briefing of summary judgment. The Court will deny his motion to appoint counsel.

**B. Motion to Compel, Motion for Sanctions, and Motion to Supplement the Record (ECF Nos. 30, 54)**

3

Vales seeks the production of all video recordings of the incident at issue as well as policies and procedures relating to the use of incapacitating agents. (ECF No. 31 at 6-8.) He also asks the Court to sanction defendants because defendant Samantha Rynes' responded to Vales' interrogatories sixty days after they were served. (*Id.* at 8-9.) Vales concedes that counsel for defendants informed him that Rynes' responses would be late, but Vales asserts that he never agreed to extend the response deadline. Vales also objects to defendants' amended responses to his requests for admission because he did not agree to let defendants amend their responses. (*Id.* at 9-10.)

**1. Video of the Incident at Issue**

Defendants explain that they responded to Vales' request for video by producing the only video of the incident that the institution retained. (ECF No. 42 at 9.) Defendants explain that non-defendant Lieutenant Matthew Burns downloaded the video of the fight. Lieutenant Burns asserted that, when multiple cameras capture an event, he downloads the camera angle that captures the whole event. He states that he downloaded only one camera angle of this event because storage is expensive so it is not possible for the institution to preserve every camera angle for every incident. According to Lieutenant Burns, other video footage was recorded over in the normal course of business.

On August 26, 2020, Vales filed a motion to supplement the record with a declaration from inmate Julius Covington. (ECF No. 54.) According to Covington, he has worked in the food service area on multiple occasions. (ECF No. 54-3.) He asserts that there are six cameras in that area that would have captured the incident at issue.

The court will deny Vales' motion to compel production of additional video and will deny as moot his motion to supplement the record. Regardless of how many cameras captured the incident, counsel for defendants has confirmed with the institution that the video defendants produced is the only video that exists. All other video of the incident was written over in the normal course of business. Defendants cannot produce what they do not have.

**2. Policies and Procedures on the Use of Incapacitating Agents**

As mentioned earlier in this decision, defendants objected to producing the policies and procedures Vales requested because of security concerns; however, they did not deny Vales access to them altogether. Counsel for defendants told Vales that he could inspect the documents at the Wisconsin Department of Justice. (ECF No. 42 at 7.) Counsel for defendants believed

4

"that suggestion reasonably balanced Vales' desire to review the policies and training materials with the safety and security concerns of the institutions." (*Id.*)

Vales rejected counsel's proposed compromise. He explained that he was not legally trained and so could not know what parts of the materials are relevant to his claims. He asked, instead, that counsel allow prisoners who were assisting him with his case to review the materials. Unsurprisingly, counsel rejected this demand.

As counsel for defendants noted, "Restricted policies and training materials are restricted for a reason . . . ." (ECF No. 42 at 8.) While defendants had an obligation to provide Vales with access to these materials, they are under no obligation to provide other people access to them. Defendants are not bound by Vales' decision to delegate his litigation decisions to others. The prisoners helping Vales are not lawyers, so defendants are well within their rights to decline to make confidential and sensitive materials available to them.

The compromise proposed by counsel for defendants was reasonable in light of defendants' concerns over safety and security, so the court will deny Vales' motion to compel the production of these materials.

### 3. Motion for Sanctions

Vales asks the court to sanction defendants because Rynes' responses to Vales' interrogatories were late. He asserts that, although counsel for defendants told him the responses would be delayed, he did not agree to extend Rynes' response deadline. Counsel for defendants notes that she worked diligently to prepare the responses and keep Vales informed of the delay. She explains that Rynes was on an extended leave and the global pandemic introduced new challenges that further complicated her efforts.

The court will deny Vales' motion for sanctions. Vales received Rynes' responses long before summary judgment motions were due. It is not uncommon for parties to require additional time to respond to discovery requests, and the court expects parties to work in good faith with one another when challenges arise. Counsel for defendants kept Vales informed of her efforts and the difficulties she was facing, and Vales does not appear to have been prejudiced by the delay. Sanctions are not warranted.

### 4. Amendments to Admissions

Finally, Vales asks that the court strike defendants Keith Barzyk and Christopher Manthei's amended responses to some of his requests to admit. (ECF No. 31 at 9-10.) He

5

asserts that he did not agree to let Barzyk and Manthei amend their admissions. Counsel for defendants explains that she was not aware she could not supplement defendants' admissions. (ECF No. 42 at 11.) She asserts that Barzyk and Manthei do not oppose returning to their initial responses. Accordingly, the court will grant Vales' motion to strike Barzyk and Manthei's amended admissions.

**C. Motion for Abeyance (ECF No. 33) and Motion for Extension of Time (ECF No. 53)**

On May 29, 2020, the same day Vales filed his motion for counsel and his motion to compel and for sanctions, he filed a motion for abeyance. He asked the court to stay the case so the court could resolve his motions before defendants moved for summary judgment. About a month later, defendants filed a summary judgment motion. That motion is fully briefed. The court will deny as moot Vales' motion for abeyance. In light of the court's rulings on Vales' motions, Vales suffered no prejudice from the court resolving his motions after summary judgment was fully briefed.

Just prior to Vales' deadline to respond to defendants' summary judgment motion, Vales filed a motion for an extension of time. He asked for an additional thirty days to prepare his response to defendants' motion. He responded to defendants' motion on August 28, 2020. The court will grant the motion for an extension of time.

**IT IS THEREFORE ORDERED** that Vales' motion to appoint counsel (ECF No. 29) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Vales' motion to compel and for sanctions (ECF No. 30) is **DENIED**; however, Vales' request to strike defendants' amended admissions is **GRANTED**.

**IT IS FURTHER ORDERED** that Vales' motion for abeyance (ECF No. 33) is **DENIED**, and his motion for an extension of time (ECF No. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that Vales' motion to supplement the record (ECF No. 54) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin this 1st day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge